UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDEWIRE SOFTWARE, INC., <br> Plaintiff, <br> v. <br> JAY GALLUZZO, et al., <br> Defendants. | Case No.18-cv-00122-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION TO AMEND** <br> Re: Dkt. No. 57 |

Plaintiff Guidewire Software, Inc., filed this civil action against its former employees Jay Galluzzo and Jose Cannon alleging breach of contract, unjust enrichment, conversion, and unfair competition claims. Plaintiff's unopposed motion to amend the complaint is now pending before the Court.[1] (Dkt. No. 57.) Having considered the briefs, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the October 4, 2018 hearing date, and GRANTS the motion to amend.

Pursuant to Federal Rule of Civil Procedure 15(a), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), and "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 10, 12.)

complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Here, Plaintiff seeks leave to amend the complaint to remove Mr. Galluzzo as a defendant because the parties have resolved their claims. Indeed, Plaintiff and Defendant Galluzzo filed a stipulation, which the Court has granted, dismissing all claims as to Mr. Galluzzo. (Dkt. No. 62.) Plaintiff also seeks leave to expand on its factual allegations based on information learned during discovery regarding Mr. Cannon. Mr. Cannon has not filed an opposition brief and the time to do has run. *See* Civ. L.R 7-3(a). Given that there has been no showing of prejudice by Mr. Cannon and the absence of any other factors which would weigh against leave to amend, the Court grants the motion to amend.

Plaintiff shall file the Second Amended Complaint by September 28, 2018. (Dkt. No. 58-1.) Defendant's responsive pleading shall be filed within 21 days thereafter.

**IT IS SO ORDERED.**

Dated: September 25, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge